**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Bankruptcy Case 23-08893 |
| Lyudmila Aleksyuk, | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | Judge Lynch |
| | ) | |

**MEMORANDUM DECISION**

Before the court is the Debtor's objection under Fed. R. Bankr. P. 3007 to the proof of claim filed by Five Star Bank asserting a security interest in certain real property the Debtor owns.[1]  The parties do not dispute that the Circuit Court of Cook County awarded Five Star Bank money judgment against the Debtor and a business entity.  The bank maintains that the judgment was recorded prepetition by the Kane County Recorder respecting real property owned by the Debtor in Elgin, Illinois, and that Five Star Bank now holds a valid judgment lien on the property.  The Debtor objects, arguing that the documents the bank recorded did not meet the Illinois requirements for a valid judgment lien.

The parties fully briefed and argued the matter and submit that the question is ready for disposition on the record now before the Court.  The Court finds that the parties have raised no material dispute of fact and that it can now rule as a matter of law based on the proof of claim, the Debtor's amended objection to the claim (ECF No. 45) and the parties' briefs[2] and argument.[3] At the regularly scheduled hearing held on January 26, 2024, the

---

[1] Debtor's Amended Objection to Claim 5-1 Filed by Five Star Bank.  (ECF no. 45.)

[2] Five Star Bank's response (ECF No. 59) and the Debtor's reply (ECF No. 67).

[3] Although section 502(b) requires "notice and a hearing," section 102(1) clarifies that such phrase:
(A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but

Page 1 of 15

court issued its preliminary oral determination that creditor Five Star Bank failed to satisfy the statutory requirements to obtain a judgment lien subject, noting that the Court would then issue its a written memorandum. For the reasons discussed below, the Court will now sustain the objection and disallow Claim 5.

## I.  JURISDICTION

The Court has subject matter jurisdiction under 28 U.S.C. § 1334(b) and the district court's Internal Operating Procedure 15(a).  This matter contesting a creditor's claim is a core proceeding under 28 U.S.C. § 157(b)(2)(J), *see e.g., Spangler v. Byrne (In re Spangler),* 653 B.R. 573, 581 (Bankr. N.D. Ill. 2023), in which this court has constitutional authority to enter final orders. *See, e.g., Johnson v. S.A.I.L. LLC (In re Johnson)*, 649 B.R. 735, 748 (Bankr. N.D. Ill. 2023) ("Disputed matters that 'stem[] from the bankruptcy itself or would necessarily be resolved in the claims allowance process,' are constitutionally core.") (quoting *Stern v. Marshall*, 564 U.S. 462, 499 (2011)).

## II.  PROCEDURAL CONTEXT AND UNDISPUTED FACTUAL BACKGROUND

On July 7, 2023, Ms. Aleksyuk filed a petition for chapter 13 relief. She had previously received a chapter 7 discharge in a prior case on March 1, 2022.[4]  In this chapter 13 case, Five Star Bank timely filed a Proof of Claim for $478,524.24, describing the basis of the claim to be a "judgment lien" which it obtained in the Cook County case.  Its Proof of Claim asserted that this claim is fully secured by unspecified real estate on the basis of a "recorded judgment

---

> (B) authorizes an act without an actual hearing if such notice is given properly and if—
>     (i) such a hearing is not requested timely by a party in interest; or
>     (ii) there is insufficient time for a hearing to be commenced before such act must be done,
>     and the court authorizes such act;

11 U.S.C. § 102(1). Neither party here has requested an evidentiary hearing and the court finds under the circumstances no such hearing is required. *See, e.g., In re Novus Structures, Inc.*, 653 B.R. 429, 437 n.2 (Bankr. N.D. Ill. 2023) (citing *In re Bartle*, 560 F.3d 724, 729 (7th Cir. 2009)).

[4] Case number 21bk08424 (Bankr. N.D. Ill.) *See also* ECF no. 26, Aug. 18, 2023 (Order granting chapter 13 trustee's motion to object to discharge in this case under section 1328(f)).

lien." (Claim No. 5).  An "Itemized Statement of Interest or Charges" was attached to the Proof of Claim, which alleges the judgment amount of $375,653.68 and accrued interest of $98,558.32, described as "9% statutory interest from 08/07/2020 to 07/07/2023 - $92.63 per diem x 1064 days."  The attachment also identifies an additional $4,315.50 for prepetition legal fees and costs.

Also attached to the proof of claim is a copy of a three-page document stamped:

> 2020K045984
> SANDY WEGMAN
> RECORDER – KANE COUNTY, IL
> RECORDED: 8/17/2020 2:23 PM
> REC FEE: $52.00
> PAGES: 3

The parties do not dispute for purposes of this matter that this is an accurate copy of a document recorded in Kane County on the date indicated. Its first page bears the stamp at the top, the word "ORDER" in the middle of the page, and a typed indication that the page was prepared by an attorney. (Debtor's Objection, Ex. A; ECF No. 45.)  The second page is not stamped.  It begins with another reference to a preparing attorney followed by what is styled as a caption for the case:  "FIVE STAR BANK, Plaintiff, v. WEST & EAST CARRIERS, INC. and LYUDMILA V. ALEKSYUK, Defendants, Case No. 20 L 1060 in the Circuit Court of Cook County, Illinois, County Department – Law Division."  Two sentences follow the caption:

> On August 6, 2020, an Order, copy of which is attached, was entered in the Circuit Court of Cook County, Illinois, in Case No. 20 L 1060, in favor of Plaintiff FIVE STAR BANK and against Defendants, WEST & EAST CARRIERS, INC. and LYUDMILA V. ALEKSYUK in the amount of $375,653.68 with interest to accrue thereafter at the statutory rate. The last known address of LYUDMILA V. ALEKSYUK is 206 Atwell Street, Elgin, IL 60124.

(Id.)  What appears to be a document file identifier is included in the bottom margin of the page.[5]

The third page, also unstamped, again bears the same circuit court case number and caption and concludes with the same reference to the attorney-preparer and another, slightly different, file number at the bottom. This page is entitled "**ORDER**", following which it states:

> THIS matter coming before the Court on Plaintiffs Motion for Rule to Show Cause and Enter Judgment on Counts II and III of the Complaint, due notice having been given and the Court having jurisdiction over the parties and subject matter, and being fully advised in the premises, **IT IS HEREBY ORDERED:**
>
> 1.  Judgment is hereby entered in favor of FIVE STAR BANK and against the defendants WEST & EAST CARRIERS, INC. and LYUDMILA V. ALEKSYUK in the amount of $375,653.68. Post Judgment interest to accrue at the Illinois statutory rate.
>
> 2.  Motion for Rule to Show Cause on Count 1 is moot.
>
> 3.  This case is dismissed.

ENTERED:

(Id.) Below the quoted text is a signature line for: "Honorable Thomas R. Mulroy, Supervising Judge." The signature is stamped: "AUG 6 2020" and "JUDGE _____," with "Mulroy" handwritten in the stamp's blank after the word "JUDGE."[6]

The parties do not dispute that the third page of the recorded document bears no certification statement and is not a certified copy of a judgment. They also do not quarrel that the first and the second page contain no signature of a judge or clerk and were not part of any judgment or order signed by or entered by a judge or court. The Debtor questions whether the handwritten word on the stamp was an actual signature of Judge Mulroy,

---

[5] That entry in smaller font reads: "4833-6212-6971.v1.31597.72510."

[6] The stamp on this page also includes an illegible word above the date. Examination of what is purportedly another copy of the August 6, 2020, order which Five Star Bank attached to its response to the Debtor's objection suggests that the word is "ENTERED." (ECF No. 59.)

speculating that "at most" some of the documents attached to proof of claim may have been written by "a deputy clerk." (Objection, ¶ 20; ECF No. 45.)  The court, however, need not address that issue because even had the Order attached as the third page of the recorded document been signed by the judge, the recording still fails to satisfy the statutory requirements to create a valid judicial lien in Illinois.

## III.  DISCUSSION

Section 12-101 of the Illinois Code of Civil Procedure governs the creation of a judicial lien.  The statute provides that "a judgment is a lien on the real estate of the person against whom it is entered in any county in this State, including the county in which it is entered, only from the time a transcript, certified copy or memorandum of the judgment is filed in the office of the recorder in the county in which the real estate is located." 735 Ill. Comp. Stat. Ann. 5/12-101.  Illinois courts have recognized that "[a] judgment lien, as provided in section 12-101, is a statutory creation in derogation of the common law. . . . Thus, the case law overwhelmingly indicates that, 'since the creation and revival of a judgment lien are statutory in nature, courts require strict compliance with section 12-101.'" *Blewitt v. Urban*, 2020 IL App (3d) 180722, ¶38 (Ill. App. Ct., 3rd Dist., 2020).

Five Star Bank does not contend that it recorded a "transcript of a judgment" or a "certified copy of a judgment" as provided by the statute.[7]  Instead, it argues, the recorded document falls within the statutory category "memorandum" of judgment. (ECF No. 59, p. 3.) As defined by section 12-101,

---

[7] Five Star Bank attached to its response to the objection a copy of the August 6, 2020, order bearing a stamp of Iris Y. Martinez, Clerk of the Circuit Court of Cook County, IL certifying as of November 8, 2023, that "the document to which this certification is affixed is a true copy." (ECF No. 59)  Five Star Bank does not contend, however, that such certified order – certified well after the petition date in this bankruptcy case – or any other certified order against the Debtor was ever filed with any recorder office. To the contrary, it concedes in its response that "Five Star Bank does not dispute that it did not record a certified copy of the Judgment Order." (ECF No. 59, p. 3.)

> The term "memorandum" as used in this Section means a memorandum or copy of the judgment signed by a judge or a copy attested by the clerk of the court entering it and showing the court in which entered, date, amount, number of the case in which it was entered, name of the party in whose favor and name and last known address of the party against whom entered. If the address of the party against whom the judgment was entered is not known, the memorandum or copy of judgment shall so state.

735 Ill. Comp. Stat. Ann. 5/12-101. To fall within this definition the recorded document must show specific information called for in addition to being signed by a judge or a copy attested by the clerk of the court that entered the judgment. The undisputed facts unequivocally reveal that the third page of the recording, the copy of the "Order" and the only (potentially) signed document filed by Five Star Bank, did not disclose the last known address of the party against whom judgment was entered or state that such information was not known as required by the statute and, therefore, is not a "memorandum of judgment" within the meaning of section 12-101.

Relying on a 1992 Illinois appellate decision to support its claim, *First Nat'l Bank v. Fryman*, 236 Ill. App. 3d 754 (Ill. App. Ct., 4th Dist., 1992), Five Star Bank makes three related arguments that to create a valid judgment lien under the statute: (1) a recorded signed judgment order need not contain the address of the defendant, (2) a memorandum of judgment need not be signed by a judge or clerk so long as it contains the specified information, and (3) so long as the recorded documents provide sufficient notice of the details of the judgment they need not otherwise comply with the requirements of the statute. These points were all rejected by the Illinois appellate court in a recent decision strikingly similar to the instant matter, *Rivtis v. Turan.* 2022 IL App (2d) 210489 (Ill. App. Ct., 2nd Dist., 2022). *See also Spangler v. Byrne,* 653 B.R. at 581 (agreeing that "*Fryman* misread the statute"). While there is no binding precedent on the issue, this court agrees with the reasoning in *Rivtis* and *Turan* that to be considered part of a "memorandum" for purposes of section 12-101, the information provided in a recorded document must be included in a document itself

signed by a judge or attested by a clerk.[8]  Additionally, the Court finds that *Fryman*'s

omission of any reference to information regarding the defendant's address in a sentence in

the opinion is easily explained by the timing of the facts in the case. That sentence relates to

an earlier version of the statute and does not suggest that a court need not strictly comply

with the statute as now amended and its specific requirements.

The first contention asserted by the bank, namely, that the express statutory

requirement to "show[ the] last known address of the party against whom entered" is not in

fact required, is easily disposed of.  The creditor's argument comes from a passing note in

*Fryman* that the document in question "recorded by plaintiff showed the court entering the

judgment, the date and amount of the judgment, the case number and the names of the

parties for and against whom the judgment was entered, all as required by section 12-101."

*Fryman*, 236 Ill. App. 3d at 758-59.  However, this statement from the *Fryman* decision

concerns that court's interpretation of an earlier version of the judgment lien statute, a

version since amended.  The creditor in *Fryman* asserted a judgment lien based on a

document filed March 1, 1984, in which the circuit clerk certified information regarding a

judgment entered February 24, 1984. *Id.* at 756.  By Public Act 84-333, effective January 1,

1986, the Illinois General Assembly amended the Code of Civil Procedure to add the

requirement to state the defendant's address.[9]  It is notable that the only change to the

---

[8] Here none of the recorded documents were attested by the clerk of court, and therefore the Court
need not determine whether the "copy" that the statute permits to be "attested by the clerk of the court
entering it" refers only to a "copy of the judgment" or refers more broadly also to "a memorandum" – a
point on which the statute is somewhat ambiguous. 735 ILCS 5/12-101. If it applies also to non-
judgment memoranda, *Fryman* may be distinguishable, at least in terms of result. In *Fryman*, the
court found a document in which the circuit clerk described a judgment and recited the docket entry
for the judgment, certifying as to such description but not attaching a copy of a judgment, satisfied the
definition of "memorandum" and created a valid lien. 236 Ill. App. 3d at 756. In contrast, none of the
relevant documents in *Rivtis*, *Spangler* or here were attested by any court clerk.  However, the
reasoning of the opinion in *Fryman* does not seem to rely on this distinction and suggests more broadly
that a memorandum need not be signed at all to be valid.
[9] That amendment added the following to the statute: "and last known address of the party against
whom entered. If the address of the party against whom the judgment was entered is not known, the

statute made by Public Act 84-333 was to add the requirement regarding the defendant's last known address.

The fact that there was a specific amendment to add the requirement suggests that it is not immaterial or to be disregarded lightly. Although the date of the *Fryman* opinion was subsequent to the amendment and the court did not expressly mention or discuss the amendment, it elsewhere quotes a version of the statute's definition without the amended language, attributing the quotation to a 1983 version of the statute. *Id.* at 758. Presumably, the appellate court was applying the statute as it existed at the time of the recording then at issue. That decision must be read in that context, and not as a determination of the statute with the added requirement that the memorandum of judgment include the defendant's last known address. Indeed, nothing in that 1992 decision suggests that any deficiency based on the lack of the defendant's address in the document recorded was ever raised by the parties in that case.

For its second contention – that the memorandum need not be signed – Five Star Bank relies principally on *Fryman*'s paraphrased summary and application of the statutory definition:

> There are three documents that can be recorded to meet the definition of memorandum: (1) a memorandum of judgment; (2) a copy of the judgment signed by a judge; or (3) a copy of the judgment attested to by the clerk of the court entering it. Contrary to defendant's contention, a memorandum of judgment does not need a signature of a judge; only a copy of the judgment itself need be signed by a judge.

*Fryman*, 236 Ill. App. 3d at 758-59. Section 12-101 is ambiguous when it states that the term "memorandum" as used in the statute means "a memorandum or copy of the judgment signed by a judge or a copy attested by the clerk of the court entering it." 735 ILCS 5/12-101. The

---

memorandum or copy of judgment shall so state." Illinois - 84th General Assembly, Public Acts - 1984, Regular Session: 2637-2639. P.A. 84-333.

phrase "signed by a judge" can be read to modify both the terms "memorandum" and "copy" of the judgment or to solely modify "copy of the judgment."

When a federal court interprets a state law, the "task is to decide a question of state law 'as it either has been determined by the highest court of the state or as it would be by that court if the present case were before it now.'" *Astellas US Holding, Inc. v. Fed. Ins. Co.*, 66 F.4th 1055, 1060 (7th Cir. 2023) (quoting *Sun Life Assurance Co. of Canada v. Wells Fargo Bank, N.A.*, 44 F.4th 1024, 1031 (7th Cir. 2022), quoting *H.A.L. NY Holdings, LLC v. Guinan*, 958 F.3d 627, 632 (7th Cir. 2020)). Where the Illinois Supreme Court has not ruled on an issue, "we look to related precedent from Illinois courts to determine how the state's highest court would decide [the] issue." *In re Faccone*, 2023 U.S. App. LEXIS 1895 (7th Cir. Jan. 25, 2023). This includes state law issues in the context of a bankruptcy case. *Id.* ("When sitting in bankruptcy and interpreting an Illinois statute, we apply Illinois rules of statutory construction.").

In Illinois, the "cardinal principle and primary objective in construing a statute is to ascertain and give effect to the intention of the legislature." *Cothron v. White Castle Sys.*, 2023 IL 128004, ¶ 20 (Ill. Feb. 17, 2023). However, because the "best indicator of legislative intent is the statutory language itself, given its plain and ordinary meaning," where the language "is clear and unambiguous, we must apply the statute without resort to further aids of statutory construction." *Id.* "Only if the statutory language is ambiguous may we look to other sources to ascertain the legislature's intent." *Id.* A statute "is ambiguous if it can fairly be understood by reasonably well-informed persons in two or more different ways." *Carmichael v. Laborers' & Ret. Bd. Emples. Annuity & Ben. Fund of Chi.*, 2018 IL 122793, ¶ 36 (Ill. 2018). When a statute is ambiguous, the court "may consider extrinsic aids of construction to discern the legislature's intent." *Green v. Chi. Police Dep't*, 2022 IL 127229, ¶ 51 (Ill. 2022). "We may consider the consequences of construing the statute in one way or

another, and in doing so, we presume that the legislature did not intend to create absurd, inconvenient, or unjust results." *Id.* The court will "construe the statute to avoid rendering any part of it meaningless or superfluous, and . . . not depart from the plain statutory language by reading into it exceptions, limitations, or conditions that conflict with the expressed intent. *Id.* "Nor do we view words and phrases in isolation but consider them in light of other relevant provisions of the statute." *Id.*

This Court agrees with *Rivtis* that the "phrase 'signed by a judge' modifies both a 'copy of the judgment' and 'memorandum.'" *Rivtis* involved very similar facts as this case, where the creditor recorded an uncertified copy of a judgment order that did not include the defendant's address together with a supplemental document with that information, but which was prepared by the creditor's attorney and unsigned by a judge or clerk. The 2022 decision demonstrated that to construe the phrase otherwise "would lead to . . . absurd results that we must presume the legislature did not intend." 2022 IL App (2d) 210489 at ¶ 24. For example, the statutory requirement that a copy of the judgment must either be signed by a judge or attested by the clerk of the court entering it "reveals that the legislature wanted to guarantee the authenticity of the lien on real property. . . . Not requiring that a 'memorandum' have a comparable authenticity guarantee would be illogical." *Id.* This Court agrees with this analysis and the court's conclusion that the failure to contain a judge's signature is "fatal,'" and that a memorandum of judgment so lacking does not create a judgment lien. *Id.* In *Spangler v. Byrne (In re Spangler)*, 653 B.R. 573 (Bankr. N.D. Ill. Sept. 5, 2023), the bankruptcy court agreed with *Rivtis* that the "phrase 'signed by a judge' in section 12-101 'modifies *both* a "copy of the judgment" and "memorandum"'" so that *both* must bear either a judge's signature or the clerk's attestation." 653 B.R. at 581 (quoting *Rivtis*,).

This interpretation avoids circularity in the statute's definition. If the statute's category of "memorandum" is divorced from its qualifiers, as *Fryman* would have it, then the

statute is reduced to the tautology that the "term 'memorandum' as used in this Section means a memorandum…." 735 ILCS 5/12-101. Indeed, *Fryman* almost seems to recognize as much by paraphrasing the first category to be not merely a "memorandum" but a "memorandum of judgment." 236 Ill. App. 3d at 758-59. But if the statute somehow could be read so as to carry the qualifier "of the judgment" across the "or" in "memorandum or copy," should not the immediately following qualifier — "signed by a judge," also be carried across?[10]

This court concludes it must. As discussed above, the suggestion that the legislature intended to amend the statute to require judgments to be signed for recording, but not other forms of "memorandum" makes no sense and appears to be at odds with the principle of strict compliance recognized by Illinois courts. *Blewitt,* 2020 IL App (3d) 180722, ¶38. All things considered, *Rivtis* and *Spangler* offer a far more plausible interpretation of the judgment lien statute.

The first two pages of the document by Five Star Bank were not shown to be part of a document signed by a judge (or attested by the clerk of court). Nor were they shown to be relevant to or part of a qualified "memorandum" as that term is defined in the judgment lien statute. Five Star Bank, therefore, cannot rely on those pages to provide the information required by the section 12-101. The third page – the copy of the judgment – is the only recorded document arguably signed by a judge, but it is undisputed that that page also fails to disclose the requisite last known address of the defendant or statement that the address is unknown.

---

[10] No party or court has suggested that the requirement to show information including dates, amounts, case numbers, names and address applies only to copies of judgments and not to a memorandum, though perhaps such a reading is not ungrammatical. But such a reading would leave the definition of memorandum even more absurdly vague.

As to Five Star Bank's last contention, *Fryman* does mention in passing that a "memorandum of judgment is a notice document" and conclude that the recorded document "satisfied" the "purpose of" section 12-101, finding that the document in question "was sufficient to put defendant on notice of the judgment." 236 Ill. App. 3d at 759.  However, any suggestion that full compliance with the terms of the statute as amended is unnecessary so long as a purchaser has or would have "sufficient notice" of a judgment is inconsistent with the weight of the applicable authority. The Illinois Supreme Court has long recognized that it is by "statute alone that a lien by judgment exists at all on real estate, and therefore, it must be controlled by the statute." *Scammon v. Swartwout*, 35 Ill. 326, 343 (Ill. 1864). Such "lien only attaches and becomes effective by force of the statute, and only in the mode, at the time, and upon the conditions and limitations imposed by it [receiving] no vigor or even aid from the common law, to which it was unknown." *Tenney v. Hemenway*, 53 Ill. 97, 101 (Ill. 1869).  Under older statutes, mere entry of a judgment created a lien on all real estate of the judgment debtor in the county in which the issuing court sat. *See, e.g., Mauricau v. Haugen*, 387 Ill. 186, 201 (Ill. 1944) ("A judgment of a court of record shall be a lien on the real estate of the person against whom it is obtained, situated within the county for which the court is held, from the time the same is rendered or revived, for the period of seven years, and no longer.") (quoting Judgments Act).

The requirement to file evidence of the judgment with the recorder of deeds originates from an amendment effective January 1, 1964, made applicable to judgments rendered after December 31, 1963.  Illinois - 73rd General Assembly, Regular Biennial Session : 2067-3566 (1963).  In a case involving liens created by an Illinois criminal forfeiture act, the Illinois Supreme Court noted the then recent change to require recordation to create a judicial lien was part of a "constant legislative policy . . . that purchasers have reposed in the thought that they could rely on public records in security, and that they would be subject to

unrecorded claims only if they had or were in some manner chargeable with actual notice thereof." *Ill. Nat'l Bank v. Chegin*, 35 Ill. 2d 375, 380 (Ill. 1966).

The Illinois Supreme Court has only interpreted the provisions detailing the creation of a judgment lien on real estate once since the 1963 amendment to require filing with the recorder. In that decision, *In re Marriage of King*, the Court held that to "create a valid lien on real estate, a judgment must be final, valid and for a definite amount of money." 208 Ill. 2d 332, 347 (Ill. 2003). There the Court found that a grant of attorneys' fees in a marital dissolution case was not final until the judgment of marriage. Because the memorandum of judgment was "based on" the earlier fee award rather than the later judgment of dissolution, the Court held that it was ineffective to create a lien. *Id.* at 347. Although the Court did not discuss other the formal requirements for a memorandum of judgment, this decision underscores the necessity of full compliance with the statute to create a lien. Among the appellate decisions which have considered the issue, "the case law overwhelmingly indicates that, since the creation and revival of a judgment lien are statutory in nature, courts require strict compliance with section 12-101." *Blewitt v. Urban*, 2020 IL App (3d) 180722, ¶ 38.[11]

For these reasons, this Court finds that by the section 12-101 requires that recorded memorandum show the last known address of the defendant or state that such address was

---

[11] *See, e.g., In re Spangler*, 653 B.R. 573, 582 (Bankr. N.D. Ill. 2023) (unsigned, unattested copy of judgment recorded by creditor did not comply with statute and therefore created no lien); *Rivtis v. Turan*, 2022 IL App (2d) 210489 (Ill. App. Ct., 2d Dist., 2022); *In re Rosebud Farm, Inc.*, 619 B.R. 202, 210 (Bankr. N.D. Ill. 2020) ("Without strict compliance with the statute, the Recorded Judgment cannot serve to secure the Claim."), *aff'd in part, remanded in part sub nom Longo v. Rosebud Farm, Inc.*, 638 B.R. 600 (N.D. Ill. 2022); *Schindler v. Watson*, 2017 IL App (2d) 160126 (Ill. App. Ct. 2d Dist. 2017) ("Strict statutory compliance is therefore required of a judgment creditor who wishes to assert a lien against the debtor's real property."); *Sud Fam. Ltd. P'ship v. Regions Bank*, No. 15-1210, 2016 WL 8905292, at *5 (C.D. Ill. July 6, 2016) ("strict compliance is required"); *Maniez v. Citibank, F.S.B.*, 383 Ill. App. 3d 38 (Ill. App. Ct., 1st Dist., 2008) (finding recorded memorandum ineffective where stated date of entry was one day off actual date judgment was entered); *Nw. Diversified, Inc. v. Desai*, 353 Ill. App. 3d 378, 391 (Ill. App. Ct., 1st Dist., 2004) (finding recorded memorandum of judgment "was invalid because the facts show it contained an inaccurate judgment amount").

Page 13 of 15

not known to create a judicial lien on the property.  Here the only arguably signed document filed with the office of the recorder did not contain this information and the document's recording by the county official fails to satisfy the requirements of the statute.  Accordingly, no judgment lien was created on the Debtor's Elgin property.

While failure to secure a judgment lien would normally leave the creditor with its unsecured claim on the basis of the judgment, the bank has not disputed that the Debtor received a discharge of her personal liability in her prior chapter 7 case. The discharge "voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727." 11 U.S.C. § 524(a)(1).  In *Johnson v. Home State Bank*, the Supreme Court held that a mortgage holder's right to payment from the sale of the debtor's property constituted a "claim" in a chapter 13 case notwithstanding the "extinguish[ment of] the personal liability of the debtor" through a discharge received in a prior chapter 7 case. 501 U.S. 78, 82-83 (1991).  But nothing in *Johnson* suggests that the 'extinguished' personal liability itself supported a "claim" – a notion inconsistent with the Court's reasoning. Here Five Star Bank has not suggested or shown that its debt was not subject to the Debtor's chapter 7 discharge.  Having found that the bank had no lien on property of the Debtor to secure such debt, the bank has not shown that it has any claim against the estate at all. The Debtor's objection to Claim 5-1 will therefore be sustained.

<u>CONCLUSION</u>

For all the reasons stated above, the Debtor's objection to Claim 5 is sustained. A separate order will be issued concurrent with this Memorandum Opinion giving effect to the determinations reached herein.

DATE: February 15, 2023

ENTER

_____
Thomas M. Lynch
United States Bankruptcy Judge